UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA        :     INFORMATION

    -v.-                        :     08 Cr.

JAMEL GARDNER,                  :

                Defendant.
- - - - - - - - - - - - - - - - - -x

**08 CRIM 440**

COUNT ONE

        The United States Attorney charges:

        1.  From in or about June 2006, up to and including in or about September 2006, in the Southern District of New York and elsewhere, JAMEL GARDNER, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other, to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1343.

        2.  It was a part and an object of the conspiracy that JAMEL GARDNER, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, and signals, for the purpose of executing such scheme and artifice, in an

offense affecting a financial institution, in violation of Title 18, United States Code, Section 1343.

## OVERT ACT

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about August 15, 2006, JAMEL GARDNER, the defendant, withdrew $7,500.00 in fraudulently obtained money from a bank branch in Manhattan.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

The United States Attorney further charges:

4. From in or about June 2006, up to and including in or about September 2006, in the Southern District of New York and elsewhere, JAMEL GARDNER, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs and signals for the purpose of executing such scheme and artifice, in an offense affecting a financial institution, to wit, GARDNER participated in a scheme that caused money to be wired, without authorization from the account holders, from accounts at various banks and credit unions outside

the State of New York to various bank accounts inside the State of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE

The United States Attorney further charges:

5. From in or about July 2003, up to and including in or about July 2007, JAMEL GARDNER, the defendant, unlawfully, intentionally, and knowingly, did distribute and possess with intent to distribute a controlled substance, to wit, less than 50 kilograms of mixtures and substances containing a detectable amount of marihuana.

(Title 21, United States Code, Section 841(b)(1)(D).)

## FORFEITURE ALLEGATION: COUNTS ONE AND TWO

6. As a result of committing the offenses alleged in Counts One and Two of this Information, defendant JAMEL GARDNER shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said offenses, including but not limited to the following:

   a. At least $180,847 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the wire fraud conspiracy and wire fraud offenses charged in Count One and Count Two.

<u>Substitute Asset Provision</u>

b. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, and
Title 28, United States Code, Section 2461.)

<u>FORFEITURE ALLEGATION: COUNT THREE</u>

7. As a result of committing the controlled substance offense alleged in Count Three of this Information, defendant JAMEL GARDNER shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to

4

facilitate the commission of the violation alleged in Count Three of this Information, including but not limited to the following:

    a.  At least $52,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense charged in Count Three of the Information.

<u>Substitute Asset Provision</u>

    b.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property. (Title 21, United States Code, Sections 841(a)(1) and 853.)

*Michael J. Garcia* (signature)
MICHAEL J. GARCIA
United States Attorney

May 12, 2008     U.S.A. v. JAMEL GARDNER                    08 Cr.     (JSR)

**Waiver of Indictment and Information filed.**
**Deft present with atty Richard Rosenberg, Ausa Howard Masters and Court Reporter Pam Utter.**
**Bail set at $25,000 Unsecured PRB, Strict PTS. Drug treatment and testing as directed by PTS. Travel restricted to SDNY and EDNY. Surrender of travel documents and no new application for travel documents.**

RAKOFF, J.